### NEWELL v. TAYLOR.

1. NEW TRIAL—LEASE.—There being evidence to support the allegation that a lease was obtained by fraudulent representations, it was not error to refuse a new trial.

2. LEASE.—EVIDENCE OF PAROL CONTRACT for rent of land for several years is admissible to show that party in possession was holding under *bona fide* claim of right and not liable for punitive damages.

3. WITNESS—CONTRADICTION—NOTICE.—It is not reversible error to permit a witness impeached by contrary statement without notice, where the impeaching evidence had been taken before trial, but the rule of giving notice commended.

4. EVIDENCE—PAROL—LEASE—FRAUD.—Statement of lessor that she had only executed one lease is not prejudicial, where both leases in question were in evidence, and there was no issue as to the execution of either, but the issue was as to the invalidity of one because obtained by fraudulent representations.

Before FRANK B. GARY, special Judge, Anderson, Fall Term, 1904. Affirmed.

Action by W. H. H. Newell against C. H. Taylor and Sidney Gwinn. From judgment for defendants, plaintiff appeals.

*Mr. B. F. Martin,* for appellant, cites: *The first lease is valid:* 25 Ency., 2 ed., 1066; 22 L. R. A., 297; 60 S. C., 400; 66 S. C., 170; 18 Ency., 2 ed., 187; Tiedeman on Real Prop., sec. 213; 14 Ency., 2 ed., 106, 137, *et seq.;* 26 S. C., 275. *Contracts being in writing and in evidence parol evidence should not be admitted as to execution and contents:* Green. Ev., 16 ed., sec. 87. *Verbal contracts of lease for more than one year are void under statute of frauds:* Abbott's Trial Ev., 363; 60 S. C., 373. *Such error cannot be cured by instructions to jury:* Blashfield on Inst. to Juries, sec. 206; 11 Ency. P. & P., 309; 32 Ohio St., 202.

*Messrs. Breazeale & Rucker,* contra, cite: *Parol evidence of lease properly admitted to support allegations of answer:* 60 S. C., 399.

April 3, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff in this action alleges that he is entitled to the possession of the land described in the complaint under a lease entered into with him by the owner, Mrs. Lucinda Newell, dated January 1st, 1904; and that the defendants are not only in unlawful possession of the premises but that they have broken and entered plaintiff's close with force and arms, and wilfully and wantonly with full knowlededg of plaintiff's rights committed acts of trespass. Judgment is demanded for the recovery of the land and for damages. The defendant Taylor's first defense is a general denial; for a second defense he alleges lawful possession under a verbal contract of renting with Mrs. Newell covering the years for which plaintiff claims the land, made before the date of the contract set up by him; and for a third defense he alleges the plaintiff procured

from Mrs. Newell the written lease under which he claims for a term of three years "by falsely representing to her that the defendant, C. H. Taylor, was going to leave the said premises, and that he had greatly injured the premises by plowing the land up and down the hills with a large turning plow, so that the rains had badly washed the same, which said representations he knew to be false and made with the intention of deceiving the said life tenant, and did deceive her, and for the purpose of damaging the defendant by depriving him of his rightful possession of the premises, and that without said false representations the said life tenant would not have consented to the lease as alleged in paragraph 2 of the complaint, which said alleged lease the said life tenant repudiated and rescinded as soon as she was informed of the falsity of said representations, by making and executing a written contract with the defendant on the 20th day of January, 1904, whereby she leased said premises to him for the years 1904, 1905 and 1906, and thereby confirming the parole agreement under which the defendant was in possession of the premises, and the defendant now has possession of said premises under said written agreement."

On the issues thus made up both parties went to trial without objection to the pleadings, and the verdict was for the defendants. The plaintiff first insists the Circuit Judge erred in refusing the motion for a new trial. It is true, as defendant submits, there was no real dispute as to the fact that Mrs. Newell executed on January 1st, 1904, by the hand of another, a paper purporting to be a lease of the premises; but assuming this as a fact and assuming also that the defendant Taylor was then only a tenant at will whose right would have been *ipso facto* terminated by the execution of a valid written lease to another covering the year 1904, it was still not error of law to refuse to order a new trial, because there was direct evidence of fraud on the part of the plaintiff by inducing Mrs. Newell by false representations to sign the lease to himself under the

Rep.]                    April Term, 1906.

issue on that point submitted to the jury in accordance with
the request of plaintiff. The witness Keith Taylor testified
he heard plaintiff when he obtained the lease from Mrs.
Newell tell her that defendant Taylor "was plowing the
land up and down the hill with a terrace plow and washing
the land away," and there was evidence that this charge
was without foundation. There was also evidence that Mrs.
Newell had agreed verbally to rent to defendant Taylor
as long as she lived at the same rent plaintiff agreed to pay,
and there was no evidence of previous dissatisfaction with
Taylor as a tenant. This furnished a basis for the jury to
infer that the false representations attributed to the plain-
tiff induced Mrs. Newell to contract with him in repudiation
of her verbal contract with Taylor.

The verdict of the jury was against the plaintiff on these
issues squarely presented in his second request to charge.
There was, therefore, evidence to support the verdict, and it
was not error of law to refuse a new trial.

Evidence of the defendant Taylor's parol contract for the
renting of the land was admissible to show that he entered
and held possession under a *bona fide* claim of right
and not as alleged in the complaint wantonly and
with force and arms in known violation of plaintiff's
rights, and that he was therefore not liable for punitive dam-
ages. So, likewise, on the same issue it was competent to
prove that, after the execution of the alleged fraudulent con-
tract with the plaintiff, Mrs. Newell told the defendant Tay-
lor, "she wanted him to work the place and that she rented it
to him and no other one," and that he went to see Mrs.
Newell and she said she had signed no contract.

Exception was taken to the following questions and an-
swers allowed by the Circuit Judge on the cross-examination
of plaintiff's witness, L. S. Brown: "Q. Was any-
thing said to any one in her presence as to what the
plaintiff said to her (Mrs. L. Newell) the day before
he got the contract? A. Yes, sir. Mrs. Taylor, I think.
Q. What did she say? A. That the plaintiff said the land

was being washed away by being plowed up and down the hill? A. I don't remember who said it."

The point is not free from difficulty, but, on the whole, we think there was no error in admitting the evidence. Great latitude must be allowed for the exercise of discretion by the trial court as to the limits of cross-examination. Plaintiff had brought out from Mrs. Taylor, another of his witnesses, the statement that he had made no representations to Mrs. Newell as to defendant's bad husbandry and that she had *"heard no talk of that kind at any subsequent time."* Mrs. Taylor, therefore, was a very important witness for plaintiff, and on the cross-examination of another witness sworn on his behalf it was within the discretion of the Circuit Judge to allow defendant to discredit her by proving that she had said in his presence that plaintiff did make the alleged false representations.

The general rule, it is true, is that a foundation must be laid by giving the witness notice of time, place and person before he can be impeached by proof of contradictory statements. The reason of the rule is that the witness may have an opportunity to admit the language attributed to him or explain the apparent contradiction. *Sentell* v. *Ry. Co.*, 70 S. C., 190; Elliott on Evidence, sec. 974; 82 Am. St. Reps., 41 (note). Following the reason of the rule, a new trial should not be granted solely because of the admission of proof of a contradictory statement without notice to the witness of time, place and person, when there was opportunity for the witness to be placed back on the stand and explain the apparent contradiction. In this case the contradiction of plaintiff's witness, Mrs. Taylor, came from another of his witnesses, Brown, on the cross-examination and in evidence taken before the trial. The plaintiff therefore had full opportunity to again examine Mrs. Taylor in explanation of the apparent contradiction. While it is no doubt usually better to adhere to the well understood rule of practice as to express notice to the witness of time, place and person before allowing impeachment by contradiction,

for the reasons stated we do not think such a departure from it as was allowed in this case affords ground for a new trial.

The evidence of Mrs. Newell that Taylor was in contract with her for the rent of the land, and that she thought she had made only one contract of that nature, was objected to on the ground that the contracts themselves furnished the best evidence on the subject. This objection was not without foundation, but the admission of the evidence could not have affected the result, for the reason that both written contracts were admited in evidence. In making this statement, Mrs. Newell no doubt had in view the fact that she had not herself signed the lease to the plaintiff. But her testimony on this point could not have had the slightest effect, because the evidence was undisputed that her name was signed at her request and in her presence, and the Court instructed the jury that this would be equivalent to signature by her own hand. The issue was not whether the lease to plaintiff had been executed, but whether it should be adjudged invalid because of his alleged fraud in procuring it.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.